IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PATRICK L. KING AND CATHY S. KING**                                                                **PLAINTIFFS**

**VS**                                              **CIVIL ACTION NO.: 3:14-CV-00157-DJP-FKB**

**STATE OF MISSISSIPPI, COPIAH COUNTY, CITY OF HAZLEHURST, RIAA, JAMES DUFF INVESTIGATIONS LLC, CHANNEL 12 WJTV, CHANNEL 3-FOX 40 WLBT, CLARION LEDGER**                **DEFENDANTS**

## THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC.'S MOTION TO DISMISS

COMES NOW Defendant, the Recording Industry Association of America, Inc. ("RIAA"), by and through its counsel of record, and moves this Court for an Order Dismissing Plaintiffs' Complaint and Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, would show unto the Court the following:

1.     RIAA is the trade association that represents the United States recording industry. RIAA member companies create, manufacture and distribute approximately 85% of all the legitimately produced sound recordings sold in the United States.  A primary function of the RIAA is to investigate illegal production and distribution of sound recordings, and to assist law enforcement agencies in seeking justice when the decision is made to pursue criminal remedies.  The RIAA has been granted specific authority by its members to represent their interests in criminal music piracy matters in federal, state and local courts.  When restitution is ordered, the RIAA receives the payment on behalf of its members and returns that restitution to the victims pursuant to their authorization.

2. On April 13, 2012, Plaintiff, Patrick King ("King") was arrested for selling counterfeit copies of five movie DVDs and one music CD that did not contain the manufacturer's name or address on the label to an undercover investigator from the Attorney General's Intellectual Property Theft Task Force. (Doc. 1, Exhibit 26). Authorities searched the Kings' home and business found thousands more discs along with equipment used for making the illegitimate copies. (Doc. 1, Exhibit 26).

3. On October 15, 2012, King pled guilty to six counts of distribution of recordings without display of required information. King was represented by retained counsel. (See Exhibit "1" Petition to Enter Plea of Guilty). King stated under oath "I am admitting that I did commit the crime charged in the indictment(s)" (Exhibit "1" Para. 6). King stated under oath "I submit the following facts which I state to be true, and, feel that all of the above elements are proven by these facts: I did fail to disclose required information as charged in the indictment." (Exhibit "1" Para. 14).

4. On November 7, 2012, King was sentenced to fifteen years in state prison by the Copiah County Circuit Court. King now alleges various claims against the RIAA, the representative victim of his crimes, all related to his admission of the crimes upon which he was arrested, entered a plea of guilty, was convicted and was sentenced. (See Exhibit "2" Sentencing Order).

5. On May 28, 2013, the Copiah County Circuit Court found that on October 15, 2012, King had voluntarily and intelligently, under oath, admitted to being guilty of the six charges of felony sale of distribution of recordings without display of required information in "***Copiah County Circuit Court Cause Number 2012-0037CR, State of Mississippi v. Patrick King***." (See Exhibit "2" Order Denying Petition for Post-Conviction Collateral Relief)). (Emphasis in original).

6. Plaintiffs' Complaint and Amended Complaint are confusing, ambiguous, and vague at best. The nature and substance of the allegations against the RIAA contained in the Complaint and Amended Complaint are hidden and/or otherwise unascertainable. The RIAA has been unable to

2

ascertain the nature of the Plaintiffs' claims against it and other Defendants, if any. This Motion to Dismiss and the accompanying Memorandum Brief In Support Of Motion to Dismiss demonstrate how the RIAA is unable to comprehend or otherwise understand the nature of the claims asserted against it. The RIAA would be greatly prejudiced if it were required to defend itself against whatever may exist in the incomprehensible Complaint and Amended Complaint. This Court should dismiss the Kings' Amended Complaint because the claims set forth therein are so "confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431) (9th Cir. 1969)).

7. Assuming, for the sake of argument, that the Kings may be asserting state law defamation claims against the RIAA, then those claims are barred by the one year statute of limitations found in Miss. Code Ann § 15-1-35 as the most recent statement made by the RIAA (or its agents) about King was on October 22, 2012. (Doc. 1, Exhibits W1-W3). In fact, that statement was made in a Victim Impact Statement after King pled guilty to the crimes for which he was arrested. It is also important to note that King was sentenced on November 7, 2012. King did not file suit until seventeen months later; therefore, the statute of limitations on any type of libel or slander claims against the RIAA have long since expired. Further, in addition to being barred by the applicable statute of limitations, the Victim Impact Statement submitted by the RIAA is subject to an absolute privilege as it was submitted in a judicial proceeding wholly connected to the criminal complaint against, and subsequent plea of guilty by, King. *Prewitt v. Phillips*, 25 So. 3d 397, 399 (Miss. Ct. App. 2009) (quoting *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001)).

8. The United States Supreme Court has held that "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry

3

of the guilty plea…." after a criminal defendant has solemnly admitted the truth of the allegations against him in open court. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). King's guilty plea waived any non-jurisdictional rights; therefore, any constitutional claims are now barred pursuant to *Tollett*. *Id*.

9. The Kings' civil cover sheet in this action cites three federal statutes, none of which provide private individuals the right to bring private civil actions or seek any type of relief. Neither Title 8 U.S.C. § 241; 18 U.S.C. § 242; nor 42 U.S.C. § 14141 provides an individual with a private civil cause of action; therefore, any claims arising under the aforementioned statutes fail to state a claim and they are due to be dismissed.

10. To the extent King alleges constitutional claims against the RIAA, the allegations in the Complaint and Amended Complaint do not allege that RIAA was acting under color of state law (it was not) as required to state a claim under 42 U.S.C. § 1983. In fact, the Complaint and Amended Complaint admit that RIAA merely submitted an "impact statement." (Doc. 1 and 2).

11. Plaintiff, Cathy King, has not asserted any claims against the RIAA. The allegations in the Complaint and Amended Complaint appear to be solely against governmental entities for allegedly seizing firearms in the King residence due to Patrick King being a convicted felon at the time of the seizure.

12. The attached Petition to Enter Plea of Guilty and Sentencing Order concerning King were obtained from the public record. This Court may consider King's Petition to Enter Plea of Guilty and Sentencing Order as they are matters in the public record. *Burton v. Coahoma Comm. College,* No. 2:11cv129-NBB-SAA, 2012 U.S. Dist. *LEXIS* 83228, *4 (N.D. Miss. June 15, 2012) (citing *Lovelace v. Software Spectrum, Inc., 78* F.3d 1015, 1018 (5th Cir. 1996)).

4217888v1 - 01005-00015

WHEREFORE, PREMISES CONSIDERED, the Recording Industry Association of America respectfully requests that this Court enter an Order Dismissing Plaintiffs' Complaint and Amended Complaint, including all claims against Recording Industry Association of America, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim. In the alternative, the Recording Industry Association of America respectfully requests any other relief deemed appropriate in the premises.

**RESPECTFULLY SUBMITTED** this the 18th day of June, 2014.

                  **RIAA, Defendant**

By: */s/Matt Quinlivan*
     MATT QUINLIVAN (MSB No. 103081)
     Deutsch, Kerrigan & Stiles, L.L.P.
     2510 14th Street, Suite 1001
     Gulfport, MS 39501
     Telephone (228)864-0161
     mquinlivan@dkslaw.com

4217888v1 - 01005-00015

## CERTIFICATE OF SERVICE

I, Matt Quinlivan, hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court via the ECF System that served copies upon all counsel and parties of record.

This, the 18th of June, 2014.

                                     */s/Matt Quinlivan*
                                     MATT QUINLIVAN

**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**2510 14th Street, Suite 1001**
**Gulfport, MS  39501**
**Telephone:  (228) 864-0161**
**Facsimile:  (228) 863-5278**
**mquinlivan@dkslaw.com**

**4217888v1 - 01005-00015**