IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PATRICK L. KING AND CATHY S. KING**                                   **PLAINTIFFS**

**V.**                                               **CAUSE NO. 3:14-CV-157-CWR-FKB**

**STATE OF MISSISSIPPI, COPIAH**                                 **DEFENDANTS**
**COUNTY, CITY OF HAZLEHURST,**
**RIAA, JAMES DUFF INVESTIGATIONS**
**LLC, CHANNEL 12 WJTV, CHANNEL 3-**
**FOX 40 WLBT, CLARION LEDGER**

## MEMORANDUM OPINION & ORDER

This lawsuit is before the Court on numerous motions filed by all of the parties. Defendants have filed several motions [Docket Nos. 15, 19, 22, 27, 40, 42, 44, 78] to dismiss based on various grounds, and Plaintiffs have responded [Docket Nos. 30, 32, 33, 54, 55, 63, 66, 67]. Also pending are several motions filed by Plaintiffs, including a motion for summary judgment [Docket No. 45], motion for default judgment [Docket No. 85], motions to submit newly discovered evidence [Docket Nos. 87 & 94], motion for pre-trial conference [Docket No. 91], and a motion for miscellaneous relief [Docket No. 108]. Defendants have responded. The Court, having considered the parties' submissions and the pertinent authorities, finds that Defendants' motions to dismiss are granted. The remaining motions are considered moot.

**I.**     **Background**

Plaintiffs Patrick King and his wife, Cathy King, filed this lawsuit on February 26, 2014, against The State of Mississippi, Copiah County, City of Hazlehurst, Recording Industry Association of America, Inc. (RIAA), James Duff Investigations LLC (Duff), Media General Operations, Inc. d/b/a Channel 12 WJTV (WJTV), WLBT, LLC (WLBT), WDBD TV – Channel 40 Television (Fox 40), and Gannett River States Publishing Corporation d/b/a The Clarion-

Ledger (Clarion-Ledger). The facts and allegations stated in Plaintiffs' Amended Complaint are obscure at best. Most of the background has been gleaned from the record with the help of documents submitted by Defendants.

This matter stems from the arrest of Patrick King on April 13, 2012, for "allegedly selling [counterfeit] CD and DVD discs from his place of business in Hazlehurst, Mississippi, known as the Ice House." Channel 12 WJTV's Mot. to Dismiss, Docket No. 20, at 1. Following his arrest, King states that his "property was illegally seized and destroyed." Docket No. 33, at 3. King pled guilty to six counts of felony sale or distribution of recordings without display of required information. *See* State of Mississippi's Mem. of Auth. Supp. Mot. to Dismiss, Docket No. 16, at 1. King was sentenced to prison on November 7, 2012. Sentencing Order, Docket No. 27-1.

In the Amended Complaint, Plaintiffs allege that King's arrest was the result of "entrap[ment]" by Defendants conspiring against him, because he filed a suit[1] against the City of Hazlehurst in 2006.[2] Amended Complaint, Docket No. 2, at 3. The Amended Complaint goes on to allege that all of the evidence used to convict him was "fabricated" and that the material downloaded to the CD and DVD was obtained legally.[3] *See id.* Various news media outlets widely publicized King's arrest and conviction, which, Plaintiffs claim, contained false information that "ruined [King's] chance of a fair trial." *Id.* at 4.

As best as can be deciphered, Plaintiffs now bring this suit against Defendants for "libel, slander, conspiracy, illegal search and seizure of property, out of clear jurisdiction of law [sic], tampering, falsifying of evidence and documents, illegal sentence, malicious prosecution,

---

[1] The details of this suit are not discussed in Plaintiffs' Amended Complaint.
[2] The Amended Complaint also alleges that the Police Department claimed he was arrested on March 27, 2013, but that is not true; Plaintiffs contend that the arrest was actually made on April 13, 2012. *See* Amended Complaint at 3.
[3] The Court is not sure why this is relevant. King was actually convicted of selling recordings "without display of required information." Sentencing Order.

wrongful conviction, [and] violation of civil rights."[4] Amended Complaint at 2. Although not stated in the Amended Complaint, Plaintiffs' Civil Cover Sheet lists several federal civil rights statutes as causes of action, which include: 18 U.S.C. § 242, "Deprivation of rights under color of law"; 18 U.S.C. § 241, "Conspiracy against rights"; and 42 U.S.C. § 14141, a federal statute prohibiting law enforcement officers from engaging in practices that deprive persons' federal rights.[5] Plaintiffs seek $61,000,000 in damages for destroyed property, an expungement of King's record, and a public apology broadcast on local and international news. Docket No. 2-1, at 1.

## II. Legal Standards

### A. 12(b)(1) Motion to Dismiss for Lack of Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal on the basis of (a district court's) lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff, as the party asserting jurisdiction, bears the burden of proof that jurisdiction does exist. *Id.* However, if the defense only makes a "facial attack" upon subject matter jurisdiction by "merely fil[ing] a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

---

[4] The Amended Complaint does not make clear to which Defendant each claim applies.
[5] By specifically alleging claims under federal statutes, Plaintiffs implicitly assert that this Court has federal question jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

A defendant may make a "factual attack" upon the court's subject matter jurisdiction over the lawsuit by submitting "affidavits, testimony, or other evidentiary materials." *Id.* When a defendant makes a factual attack, the plaintiff must also "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523.

Dismissal on the basis of lack of subject matter jurisdiction is appropriate "only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citation and quotation marks omitted).

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is warranted only when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Although "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), a *pro se* litigant is

not excused from the requirement that he or she set forth facts giving rise to a claim on which relief may be granted, *Levitt v. Univ. of Tex. at El Paso,* 847 F.2d 221, 224 (5th Cir.). And the *pro se* litigant's "pleadings, conclusory allegations or legal conclusions dressed as factual conclusions will not circumvent a motion to dismiss." *Ivy v. U.S. Dept. of Agriculture (FSA)*, No. 1:10CV29-SA, 2010 WL 2559885, at *3 (N.D. Miss. June 23, 2010) (citing *Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir. 2009)); *see also Gordon v. Davis*, No. 3:10-CV-00579-CWR-LRA, 2011 WL 3665128, at *2 (S.D. Miss. Aug. 19, 2011).

### III. Discussion

Due to the incomprehensible ramblings of the Plaintiffs' Amended Complaint, the Court is justified in dismissing Plaintiffs' claims as to each of the named Defendants on that basis alone. *See Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006). The Court, however, chooses to proceed with a discussion of the perceived merits of Plaintiffs' Amended Complaint so that Plaintiffs will be fully informed that they have alleged no claims against these Defendants to which they are entitled relief.

#### A. Motions to Dismiss

##### 1. State of Mississippi

The State of Mississippi contends that it is entitled to immunity from this suit. Docket No. 16, at 2.

"The Eleventh Amendment bars suits by private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston,* 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks

5

and citation omitted). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable under 42 U.S.C. § 1983[6] because they are not considered "persons" under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

Here, because the State of Mississippi has not consented to be sued in federal court for these claims, and because it has no liability under § 1983, Plaintiffs' claims against it must be dismissed. For the same reasons, Plaintiffs' state law and § 1983 claims against individual officers, such as the attorney general and the governor, in their official capacities will be dismissed.[7] *See LeBlanc*, 627 F.3d at 124.

## 2. City of Hazlehurst and Copiah County

Plaintiffs Amended Complaint has made it difficult to decipher what claims are alleged against the City of Hazlehurst and Copiah County. In any event, these Defendants argue that any claims possibly construed against them must be dismissed. The Court agrees.

---

[6] The Court notes that Plaintiffs never mention § 1983 in their pleadings. The Court assumes that Plaintiffs have attempted to assert claims under that statute.

[7] In Plaintiffs' response to the State of Mississippi's motion to dismiss, Plaintiffs attempt to amend their Complaint to sue Governor Phil Bryant, Attorney General Jim Hood, Assistant Attorney General Patrick Beasley, unnamed members of the Mississippi legislature, Chief Investigator Richie McCluskey, and other investigators in the Attorney General's office, individually. *See* Pl's Response to State of Miss.'s Mot. to Dismiss, Docket No. 30; *see also* Motion to Amend Complaint, Docket No. 31. Plaintiffs do not allege any valid claims against these Defendants or any specific wrongdoing on their part, making any attempt to sue these Defendants futile. Thus, the Court will not allow Plaintiffs to amend their complaint a second time to add these individuals as defendants in this action. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citations omitted).

The best reading of Plaintiffs' Amended Complaint is that King alleges that his conviction is unconstitutional. To the extent King alleges that his conviction was unconstitutional, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) compels this Court to dismiss King's claims. In *Heck*, a state prisoner filed suit under § 1983 raising claims which, if true, would have established the invalidity of his conviction. The Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–487 (footnote omitted). Plaintiffs have not alleged any facts showing that King's conviction has been set aside or called into question. King also stood up in open court with his counsel at his side and plead guilty to various charges brought by the State of Mississippi. Sentencing Order at 2. Thus, any federal law claims related to King's conviction brought against Defendants are not cognizable. Furthermore, any additional federal law claims must be dismissed because Plaintiffs have not alleged any constitutional or federal law violation. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (to state a claim under § 1983, a plaintiff must show that the defendant violated "the Constitution or federal law . . .").

### 3. WJTV, WLBT, Fox 40, Clarion-Ledger, Duff, and RIAA

As a preliminary matter, the Court notes that Defendants WJTV, Clarion-Ledger, WLBT, Fox 40, Duff, and RIAA submit similar arguments in their motions. For purposes of efficiency, the Court will consider the motions jointly.

7

Defendants argue that Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. They argue that the Amended Complaint is incomprehensible and vague, making it very difficult to adequately respond.

As Defendants argue, the Court finds that the Amended Complaint's incoherence makes it difficult to draw a reasonable inference as to which claims each Defendant is allegedly liable.[8] (The Court has had to speculate as to what claims have been brought against each Defendant in this suit.). Furthermore, Plaintiffs do not provide sufficient facts to support any of the legal conclusions derived at in their Amended Complaint. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Even *pro se* plaintiffs must state a claim upon which relief can be granted. *See Levitt*, 847 F.2d at 224. Plaintiffs have failed to do so.

The only claim that could be construed against the Defendants in this action is defamation. Yet a defamation claim is time-barred under Section 15-1-35 of the Mississippi Code, which states that actions for "libels . . . shall be commenced within one (1) year next after the cause of such action accrued." Miss. Code Ann. § 15-1-35 (2003); *see also Hudson v. Palmer*, 977 So. 2d 369, 379 (Miss. Ct. App. 2007) ("An action for libel or defamation generally accrues at the time of the first publication."). Plaintiffs' complaint was not filed within statutory one-year limitation period. Thus, Plaintiffs' defamation claim is time-barred as to all Defendants.

To the extent that Plaintiffs intend to allege various federal civil rights claims against these Defendants, these claims must also be dismissed. Plaintiffs did not include these claims in their Amended Complaint; instead, they listed them in the Civil Cover Sheet attached to the Amended Complaint. Plaintiffs do not provide any reason for these actions—as the Civil Cover

---

[8] As previously stated, based on this finding alone, the Court may dismiss any claims brought against all Defendants in this suit.

Sheet instructs—and do not provide any factual support for these claims. This cannot withstand the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, as Defendants correctly argue, none of the statutes invoked give rise to private causes of action. *See Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 are criminal provisions and do not provide a basis for civil liability); *Huerta v. Garcia*, No. CIV.A. B-07-39, 2007 WL 3120128, at *4 (S.D. Tex. Oct. 23, 2007) (42 U.S.C. § 14141 does not provide a private cause of action and the right to bring a cause of action is limited to the Attorney General). Nor do Plaintiffs have a § 1983 claim against these Defendants, since these Defendants are not state actors and Plaintiffs have not alleged any actions by these Defendants for which the state may be held responsible. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) ("Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be 'fairly attributable to the state.'").

For these reasons, Defendants' motions to dismiss will be granted.

### IV.    Conclusion

In light of the above conclusions, it is unnecessary to consider any remaining contentions. In addition, the Court notes that no amendments would cure the deficiencies pointed out in Plaintiffs' Amended Complaint, therefore, dismissal with prejudice is warranted. *See Gordon*, 2011 WL 3665128, at *5 ("Dismissal with prejudice . . . is appropriate if a court finds that the plaintiff has alleged his best case." (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999))).

Accordingly, all of the Defendants' motions are **GRANTED**. Any remaining motions are **MOOT**.

SO ORDERED AND ADJUDGED, this the 26th day of January, 2015.

                                                   s/ Carlton W. Reeves
                                                   UNITED STATES DISTRICT JUDGE